**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DEBRA FLOWERS**                                                                       **PLAINTIFF**

**VS.**                   **CASE NO. 4:05-CV-00853 GTE**

**UNITED PARCEL SERVICE, INC.**                                        **DEFENDANT**

**<u>MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT</u>**

Debra Flowers alleges that she was fired from her position as a preferred customer associate with United Parcel Service ("UPS") because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII").  Plaintiff seeks money damages for backpay, lost benefits, and emotional distress.  Defendant has moved for summary judgment on Plaintiff's Title VII claim.  For the reasons stated below, the Court concludes that UPS is entitled to judgment as a matter of law.

**I.**

Summary judgment should be entered if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).  A genuine issue of material fact exists only if there is sufficient evidence from which a jury can return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

In this case, to avoid summary judgment the plaintiff's evidence must show:

(1) that the stated reasons were not the real reasons for discharge; and

- 1 -

(2) that [race] discrimination was the real reason for the discharge.

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 153, 120 S.Ct. 2097, 2112, 147 L.Ed.2d 105 (2000)(quoting the district court's jury instructions as accurately stating the law).[1]

As the Supreme Court further instructed in *Reeves*:

Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

*Reeves,* 530 U.S. at 148-49, 120 S.Ct. at 2109.

## II.

Plaintiff Debra Flowers worked for UPS as a Preferred Customer Associate ("PCA"), a non-management position, in the Business Development Department of UPS Little Rock operations. UPS had several policies governing employee use of UPS computers, one of which instructed UPS employees: "Do not view, send, upload, download, or store sexually explicit or pornographic materials."

On April 8, 2004, UPS audited the computers of all 25 employees in the Business Development Department. The computer audit was conducted in response to UPS learning that one of Plaintiff's co-workers, Kizmet Whitaker, was using her USP computer and company time to start a side business. The audit revealed that the following four people had sent sexually explicit or degrading materials: the Plaintiff; Valerie Thomas; Cynthia Hildreth; and Kizmet

---

[1] Although in *Reeves*, the Supreme Court was considering a motion for judgment as a matter of law following a jury trial, the standards articulated in *Reeves* are equally applicable in the context of summary judgment. As the Supreme Court noted: "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves*, at 150, 120 S.Ct. at 2110 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 91 L.Ed.2d 202 (1986)).

Whitaker. All of the terminated employees are African-American females. It is undisputed that each of the terminated employees sent sexually explicit e-mails.

III.

Plaintiff does not deny violating UPS' electronic e-mail policy or that she sent sexually explicit e-mails. Instead, she contends that similarly situated Caucasian employees were treated differently. Plaintiff also alleges that UPS destroyed evidence and singled out African-Americans during the audit. The proof presented does not support either theory. Accordingly, the Court rejects Plaintiff's contention that she has come forward with direct evidence of race discrimination. She has not done so. Plaintiff therefore can not prevail on her discrimination claim unless she presents evidence that she was treated more severely than other similarly situated employees. *See Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). Plaintiff has failed to meet that burden.

> **Plaintiff has failed to Identify any Similarly Situated White Employee Treated More Favorably.**

Plaintiff contends that white employees Vicky Graves, Renee Matthews, and Alice Rummell received more favorable treatment. However, it is undisputed that none of these three employees <u>sent</u> sexually explicit e-mails using their UPS computer. All of the terminated employees sent sexually explicit materials; the evidence presented demonstrates only that the identified white employees <u>received</u> sexually explicit e-mails. In connection with this incident, UPS elected to punish only those employees who sent inappropriate e-mails. It was certainly within its discretion to draw this distinction. *See Wilking v. County of Ramsey*, 153 F.3d 869, 874 (1998)(argument that an infraction was not serious enough to warrant discharge merely questions the soundness of an employer's judgment and does not demonstrate pretext); *Gill v. Reorganized School Dist. R-6, Festus, Missouri*, 32 F.3d 376, 379 (8th Cir. 1994)(courts are not

- 3 -

permitted to second guess or to correct an unwise decision).

The Eighth Circuit has consistently instructed that to be "similarly situated," comparators "must have dealt with the same supervisor, have been subjected to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Gilmore v. AT&T*, 319 F.3d 1042, 1046 (8th Cir. 2003). Plaintiff has failed to identify any similarly situated Caucasian employees who were treated more favorably. Nor has she provided any evidence that UPS decision to focus on employees who sent, rather than simply received offensive e-mails was a phony excuse or that UPS was "out to get" African-American employees. *See Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005)("To prove pretext, the employee must do more than show that the employment action was ill-advised or unwise, but rather must show that the employer has offered a 'phony excuse.'").

Plaintiff also offers the affidavit of Patricia Brown, a Caucasian female and one of Plaintiff's co-workers. Ms. Brown's employment with UPS ended in 2001. Ms. Brown states that when she was employed by UPS, both Caucasian and African-American co-workers frequently forwarded her e-mails containing offensive material and nudity. Ms. Brown specifically recalls that Renee Matthews, a Caucasian female, sent her e-mails of this nature. Ms. Brown's general and untimely allegations do not impute knowledge to UPS of Ms. Matthews' alleged e-mails and are therefore not helpful to Plaintiff's case.

"Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions . . . Rather, [the court's] inquiry is limited to whether the employer gave an honest explanation of its behavior." *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 973 (8th Cir.1994) (quotations omitted). Accordingly, "when an employer articulates a reason for discharging the plaintiff not forbidden by law, it is not [the court's] province to decide whether

that reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Giannopoulos v. Brach & Brock Confections, Inc.,* 109 F.3d 406, 411 (7th Cir.1997).

Plaintiff has failed to come forward with any evidence from which a reasonable jury could find that UPS terminated Plaintiff because of her race rather than for sending sexually explicit and offensive e-mails.

### Plaintiff's Spoliation and Selective Audit Theories are Insufficient to Create a Jury Question on Pretext

Perhaps realizing her lack of proof to satisfy her burden to identify similarly situated employees, Plaintiff offers some alternative theories. She first attacks the Affidavit of Dennis Prince, the manager of the Business Development Department who directed the audit of all computers in the department, claiming that he selectively audited only African-American employees and that his declaration that only the four terminated employees' sent inappropriate e-mails should be stricken because he did not personally examine the ghost drives of every computer audited. Second, Plaintiff claims that UPS destroyed the ghost files of the Caucasian employees' computers thereby permitting an inference that the evidence destroyed would have been beneficial to Plaintiff's case. Both of Plaintiff's theories are flawed.

Dennis Prince made the decision to audit the computers of all employees in his department and he oversaw the audit. Plaintiff challenges the following declaration by Dennis Prince: "The [computer] audit revealed that only Ms. Flowers, Ms. Thomas, Ms. Hildreth and Ms. Whitaker had sent sexually explicit or degrading e-mails." (Prince Affidavit at ¶ 6). For cause, Plaintiff states that Mr. Prince did not personally inspect the "ghost files" of all the employees within the Department.  Instead, Mr. Prince relied upon the UPS technical support employees to conduct the audit, to create "ghost files" and to look through all the ghost files to

see if any sexually explicit or degrading emails had been sent.  Mr. Prince was entitled to obtain the assistance of technical employees and to rely upon their reports to him.  *See Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1317-18 (8th Cir. 1996)(crediting summary judgment affidavit of manager relating workplace incident because, although manager did not personally observe incident, his affidavit was based on his personal knowledge of reasons underlying challenged employment decision).  There is no evidence that any of the technical employees failed to look at the "ghost files" of all employees in the department or that they inaccurately reported their findings to Mr. Prince.

It is important to also add that although Mr. Prince ordered and oversaw the audit, he was not the final decision maker on Plaintiff's discharge and did not even have the authority to terminate the Plaintiff's employment.  UPS Human Resources Deparment made the termination decision.  Mr. Prince presented the evidence to his superiors, who then determined whether and how the four individuals found to have sent inappropriate e-mails would be punished.  Although Mr. Prince was not the ultimate decision-maker, the Court recognizes that he was acting in a managerial role and that if there was evidence that he manipulated the audit or singled-out African Americans for potential discipline, such evidence could support a finding of discrimination.   However, there simply is no evidence that Mr. Prince manipulated the audit or singled out African-Americans for discipline.

UPS has also discredited Plaintiff's claim of spoliation.  UPS contends – and Plaintiff has not disputed – that UPS has not destroyed the evidence in question – ghost copies of computer hard drives of all employees whose computers were audited.  Additionally, it contends that Plaintiff never reviewed the results of the audit for the other employees, even though it had the opportunity to do so.  UPS has attached an e-mail from one of its counsel to Plaintiff's counsel

dated August 8, 2006.[2]  In the e-mail, UPS counsel explains that the "ghost copied hard drives" of the other employees are available and offers them to Plaintiff's counsel.  Plaintiff's counsel apparently never followed up on the offer by UPS to review the ghost drives of every audited computer.

Thus, the evidence before the Court shows that Plaintiff (or her counsel) had the opportunity to review the entire audit results, but that her counsel elected not to take advantage of that opportunity.  The Court would view Plaintiff's speculation of differential treatment more seriously if she had come forward with evidence to show that the audit revealed that even one other employee had sent a sexually explicit e-mail but had not been terminated.  The best evidence, of course, is the ghost files themselves.  Plaintiff having declined the opportunity to review such files, cannot instead argue that she has been denied the opportunity to prove her charges.

## CONCLUSION

Plaintiff has had the opportunity to prove her case and to come forward with evidence to support her claim of discrimination.  She simply has failed to do so.

IT IS THEREFORE ORDERED THAT Defendant United Parcel Service, Inc's Motion for Summary Judgment (Docket No. 15) be, and it is hereby, GRANTED.  Judgment will be entered separately.

IT IS SO ORDERED this   16th    day of January, 2007.

          /s/Garnett Thomas Eisele
          UNITED STATES DISTRICT JUDGE

---

[2]  This was near the end of the August 18th discovery deadline in this case.