# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**DEBRA FLOWERS**                                                                              **PLAINTIFF**

**VS.**                    **CASE NO. 4:05-CV-00853 GTE**

**UNITED PARCEL SERVICE, INC.**                                        **DEFENDANT**

## ORDER AWARDING COSTS

Before the Court is the Bill of Costs filed by Defendant United Parcel Service, Inc. ("UPS"). As the prevailing party in this case, UPS seeks an award of costs in the sum of $ 956.53. No objection has been filed to the request for costs.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). The rule has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case).

In the absence of any objection from Plaintiff, the Court will award costs to UPS, which prevailed on its summary judgment motion. Costs that may be awarded under § 1920 include:

"(1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; [and] (4) fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(1)-(4).

UPS seeks $360.16 in court reporter fees and $596.37 in copying fees. The Court will disallow the requested Federal Express charge of $ 37.41, the $49.00 for copying charges paid to the Circuit Clerk of Hinds County, Mississippi, and the $ 30.00 paid to Tommy Love, M.D.[1] Other than these three items, the cost items requested appear reasonable and necessary.

IT IS THEREFORE ORDERED THAT Defendant United Parcel Service, Inc. be, and it is hereby, awarded costs in the sum of Eight Hundred Forty Dollars and Twelve Cents ($840.12).

IT IS SO ORDERED THIS  12th  day of April, 2007.

           /s/Garnett Thomas Eisele
           UNITED STATES DISTRICT JUDGE

---

[1] No explanation is provided for the latter two payments. The Court does not recall any records from Hinds County, Mississippi, or Dr. Love as being used in UPS' successful motion for summary judgment. In any event, the Court has no way on this record to determine whether these items were reasonable and necessary.